IN THE CIRCUIT COURT OF COAHOMA COUNTY, MISSISSIPPI

USDC No. 4:22cv67-DMB-JMV

JASMINE HINES                                                                                             PLAINTIFF

VERSUS                                                                                                         CAUSE NO.: 14CI1:21-CV-0063

OAKGROVE RETIREMENT HOME, INC.                                                      DEFENDANT

## COMPLAINT FOR DAMAGES

**COMES NOW**, Jasmine Hines, Plaintiff in the above-styled and numbered cause and files this her Complaint for Damages, and she would respectfully show unto this Honorable Court, the following, to-wit:

**PARTIES**

The Plaintiff, **Jasmine Hines**, a single person, resides in Clarksdale, County of Coahoma, State of Mississippi, and she is an actual resident citizen of Coahoma County, State of Mississippi, and she has been a bona fide resident citizen of the State of Mississippi for more than six (6) months next preceding the filing of this cause. Presently, Plaintiff resides at Clarksdale, Mississippi 38614.

Defendants, **Oakgrove Retirement Home,**, is a resident citizen of Coahoma County, State of Mississippi, and can be served at 209 Oak Circle, Duncan, MS 38740. Said **Oakgrove Retirement Home, Inc.** can be served through its registered agent: **Todd Jones at 203 Oak Circle, Post Office Box 198, Duncan, Mississippi 38740.**

I.

On or about June/July, 2020, Plaintiff was hired by Defendant as a certified nursing assistant. Per said hiring, Defendant agreed to pay Plaintiff $11.00 per hour as a certified nursing assistant. Further, at the time of said hiring, Plaintiff informed Defendant of her disability, and that due to her disability, Plaintiff needed special accommodations for she informed Defendant that she could not lift persons or objects due to her disability, and that she could not stand for extended periods of time due

-1-

Case: 14CI1:21-cv-00063   Document #: 2   Filed: 12/20/2021   Page 2 of 6

to said same disability. And at the time of said hiring, Defendant informed Plaintiff that she would not be required to do any heavy lifting, and that she would be allowed to sit periodically.

## II.

**Yet despite Defendant's** promises to make a number of accommodations for Plaintiff, Defendant failed to make a number of accommodations, and required Plaintiff to perform tasks requiring heavy lifting, and standing for extended periods of time. Defendant failed to accommodate Plaintiff due to her disability. Additionally, Plaintiff provided to Defendant her medical reports showing that Plaintiff suffers from a disability. And despite submitting said medical information to Defendant, and Defendant initially agreeing to provide said accommodating work environment to Plaintiff, Defendant violated **Title VII, the Americans with Disabilities Act, the Genetic Information Non-discrimination Act.** Plaintiff sought and was given a 'Notice of Suit Rights' letter which is attached and made a part of this Complaint for Damages as if recited in words and figures.

**WHEREFORE PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant. An order that:**

a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination.

b. Defendant compensate with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff puinitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

d. Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

-2-

e. The Court award such other relief as is deemed just and proper.

Respectfully submitted,

BY: *[signature]*
AZKI SHAH
COUNSEL FOR PLAINTIFF

AZKI SHAH
ATTORNEY AT LAW
318 DELTA AVENUE
CLARKSDALE, MS 38614
662-621-9996
FAX: 662-621-9997
EMAIL: atty.azki.shah@gmail.com

FILED
2021 DEC 20 PM 3: 52
CIRCUIT CLERK
COAHOMA COUNTY MS

EEOC Form 161 (11/2020) Case: 14CI1:21-cv-00063 Document #: 2 Filed: 12/20/2021 Page 4 of 6

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Jasmine S. Hines
1101 Alana Cove
Clarksdale, MS 38614

From: Jackson Area Office
Dr. A. H. McCoy Federal Building
100 West Capitol Street, Suite 338
Jackson, MS 39269

Exhibit "A"

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2020-02593 | Kimberly J. Knighten, Enforcement Investigator | (769) 487-6916 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Eszean McDuffey, Director
Digitally signed by Eszean McDuffey, Director
Date: 2021.09.20 15:37:34 -05'00'

Enclosures(s)

Eszean S. McDuffey,
Area Director

(Date Issued)

cc: Glynn Standifer
Administrator
OAK GROVE RETIREMENT HOMES
209 Oak Circle
Duncan, MS 38740

Ex. 2

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** — not 12/1/10 — in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Ex. 2

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively BOTH transitory (lasting or expected to last six months or less) AND minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Ex. 2