**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JASMINE HINES**                                                                    **PLAINTIFF**

**V.**                                                  **NO: 4:22-cv-00067-JMV**

**OAK GROVE RETIREMENT HOME, INC.**                          **DEFENDANT**

**ORDER**

This matter is before the court on Defendant's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). [4]. For the reasons below, the undersigned finds the motion is well taken and accordingly will grant the motion and dismiss this complaint absent the filing by the Plaintiff, within fourteen (14) business days of the date hereof, of a motion to file an amended complaint with a proposed amended complaint attached thereto which states a cognizable claim.

**I. Background**

By way of background, the complaint was filed on behalf of Plaintiff by counsel on December 20, 2021. [1]. The complaint purports to assert the violation of three (3) federal statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Genetic Information Nondiscrimination Act ("GINA"), and the Americans with Disabilities Act ("ADA"). *See* Compl. at 2.

The action was removed by the Defendant to this court on April 28, 2022, and on 5/3/22 the Defendant filed the instant motion to dismiss for failure to state a claim. The case was assigned to Honorable District Judge Debra M. Brown and the undersigned Magistrate Judge. A case management conference was set for June 2, 2022, and counsel were required to submit their respective confidential memoranda and a jointly prepared case management order. On May 12, 2022, the Defendant moved again; this time to stay discovery pending a ruling on its motion to dismiss. Both the motion to dismiss and the motion to stay ripened without any response from the

Plaintiff having been filed. And, although Plaintiff's counsel did appear for the telephonic case management conference, no confidential settlement memorandum, as required by the court, was timely (or otherwise) submitted counsel for the plaintiff. At the Case Management Conference, the parties jointly indicated their election to consent to magistrate jurisdiction. [10]. On June 10, 2022, long after the same was due and without leave of court, the Plaintiff filed a 3-sentence response to the motion to dismiss [11] stating only in entirely vague and conclusory fashion that the Plaintiff denies all of the allegations that make up the Defendant's Motion to Dismiss for Failure to State a Claim and the memo is support thereof.

## II. The 12(b)(6) Standard

To survive a challenge pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the alleged facts in complaint, assumed to be true, must "raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, to survive a motion to dismiss, the Plaintiff's claims cannot be "supported by mere conclusory statements." *Richards v. JRK Prop Holdings*, 405 F. App'x 829, 830 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Plaintiff is required to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### a. Title VII Claim

Title VII prohibits discrimination by employers against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). The undersigned finds that, and as the Defendant points out, there are simply no facts in the complaint that allege that the Defendant discriminated against the Plaintiff based on her race, color, religion, sex, or national origin. The only sparse facts mentioned in the complaint at all relate to an alleged failure to accommodate an alleged disability. As such, the Plaintiff's Complaint fails to state a claim for relief under Title VII that is "plausible on its face" as required by law.

### b. The GINA Claim

With respect to Plaintiff's claim for genetic information discrimination, GINA prohibits employers from discriminating or taking adverse employment measures against an employee due to the employee's genetic information. *See* 42 U.S.C. § 2000ff-1(a)(1)-(2). Again, a review of the complaint reveals that Plaintiff has pled no facts to suggest Defendant requested or obtained her "genetic information" let alone discriminated against her on that basis. Therefore, Plaintiff's Complaint does not allow the Court to draw the reasonable inference that Defendant is liable for discrimination based on Plaintiff's genetic information and her GINA claim should be dismissed.

### c. The ADA Claim

As for her alleged ADA claim, the court notes that Title I of the ADA prohibits an employer from discriminating against a qualified individual on the basis of a disability. *See* 42 U.S.C. § 12112(a). Discrimination under the ADA includes refusing to make reasonable accommodations to the known physical limitations of a qualified individual. 42 U.S.C. § 12112(b)(5)(A). While the ADA provides a right to a reasonable accommodation, it does not

provide a right to the employee's preferred accommodation. *See E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (citing *Hedrick v. Western Reserve Care System*, 355 F.3d 444, 457 (6th Cir. 2004)). Generally, to prevail on a failure to accommodate claim, a plaintiff must establish that: (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make a reasonable accommodation for such known limitations. *See Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

The facts alleged in the Complaint only provide the following information: (1) the Defendant hired the Plaintiff for a nursing assistant position; (2) the Plaintiff has an alleged disability that prevents her from lifting and from standing for extended periods of time; and (3) the Defendant promised to accommodate this alleged disability but failed to do so.

As the Defendant suggests, these cursory and conclusory facts are not enough to state a claim under the ADA pursuant to the requirements of *Twombly* or *Iqbal*. There are no factual allegations related to the Plaintiff's job duties, nor is there information regarding the nature of her disability beyond the basic claim that she "could not lift persons or objects" and "could not stand for extended periods of time." There is simply no way that an inference could be drawn from these bare assertions that she meets the definition of disabled individual under the ADA. *See e.g.*, *Thompson v. Cargo Master, Inc.*, 2001 U.S. Dist. LEXIS 4164, 2001 WL 313956 CIVIL ACTION NO. 3:00-CV-2438-G, *4 (N.D. Tex. March 29, 2001) (holding that failure to describe the nature and extent of alleged disability anywhere in the complaint warranted dismissal under Rule 12(b)(6)). Nor is there any statement as to what sort of adverse employment action the Plaintiff allegedly suffered. For instance, there is no statement that she was fired or suffered a loss of pay. There is not even a statement regarding the specific type of accommodation she allegedly

requested, and finally, there is also no statement regarding whether the Plaintiff can perform the "essential functions" of her job. In fact, there is no statement regarding her job duties whatsoever.

### III. Conclusion

In short, the Plaintiff's complaint fails to properly state a claim and accordingly will be dismissed unless Plaintiff, through her counsel, files a motion to amend her complaint with an attached proposed amended complaint which states a cognizable claim in fourteen (14) business days from the date of this order.

**SO ORDERED**, this, the 22nd day of June, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**